# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
Gateway Financial Group, Inc.

## DEFENDANTS
Shelnut, J. Timothy

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Hartford
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Richmond
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory F. Arcaro, Esq.
Brown Paindiris & Scott, LLP
2252 Main Street, Glastonbury, CT 06033
(860) 659-0700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | HABEAS CORPUS: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | |
| | | ☐ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | | ☐ 871 IRS — Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of contract, fraud, violation of C.G.S. Sec. 42-110(a)- (CT Unfair Trade and Practices Act)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ monetary/punitive damages

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 9/16/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of  Connecticut

Gateway Financial Group, Inc.
        Plaintiff,

V.

J. Timothy Shelnut
        Defendant

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

TO: (Name and address of Defendant)

J. Timothy Shelnut
1337 Flowing Wells Road
Augusta, GA 30909

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gregory F. Arcaro, Esq.
Brown Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

- ☐ Served personally upon the defendant. Place where served: _____

- ☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

- ☐ Returned unexecuted: _____

- ☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date

_____
*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GATEWAY FINANCIAL GROUP, INC.<br>Plaintiff, | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO: |
| J. TIMOTHY SHELNUT<br>Defendant. | : <br> : | SEPTEMBER 15, 2004 |

## COMPLAINT

### Jurisdiction and Venue

1. This action seeks adjudication of controversies that exist between parties of diverse citizenship, the amount of which are in excess of $75,000.00, and therefore jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1).

2. Venue is proper in this district pursuant to 28 U.S.C. 1391(a)(2) and Connecticut General Statutes §52-59b(a).

### Parties

3. The Plaintiff, Gateway Financial Group, Inc. ("**Gateway**"), is a corporation organized under the laws of the State of Connecticut having its principal office in the Town of Glasonbury, County of Hartford, State of Connecticut.

4. Upon information and belief, the Defendant, J. Timothy Shelnut ("**Shelnut**"), is a natural person residing in the State of Georgia.

## Facts

5. On or about January 2, 2002, Gateway and Shelnut entered into an agreement (the "**Agreement**") whereby Gateway agreed to provide marketing and insurance processing services for life insurance products issued by Zurich Life and its affiliate companies including: Federal Kemper Life Insurance; Federal Life Association, a Mutual Legal Reserve; Zurich Life Insurance Company of America, and Zurich Life Insurance Company of New York (hereinafter collectively referred to as "**Zurich Life**").

6. The Agreement is evidenced by a writing executed by both Shelnut and Gateway dated January 13, 2003.

7. The insurance products to be sold pursuant to the aforementioned Agreement were those issued pursuant to a contract between Zurich Life Insurance Company and Shelnut ("**Zurich Contract**").

8. Pursuant to the Agreement, the beneficial interest of the Zurich Contract was to be assigned to Gateway by Shelnut.

9. Pursuant to the Agreement, Gateway was to receive a 10% premium processing fee calculated on the total commissions realized pursuant to the Agreement.

10. In addition, pursuant to the Agreement, Gateway was to be paid a sum equal to 50% of the net proceeds of the Agreement.

11. Under the Agreement, Shelnut was to immediately forward to Gateway any all the total commissions paid to him by Zurich Life along with the monthly commission statements issued by Zurich Life pursuant to the Zurich Contract.

2

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
2252 MAIN STREET – GLASTONBURY, CONNECTICUT 06033 – (860) 659-0700 – JURIS NO. 413634

12. From the commissions released as aforesaid, Gateway was to compensate itself the aforementioned 10% processing fee and thereafter forward 50% of the net commissions to Shelnut.

13. It was understood by the parties that the ongoing payment to Gateway of monthly commissions pursuant to the Zurich Contract was necessary to fund Gateway's future sales and marketing activity.

14. To date, the Zurich Life has paid Shelnut at total of $90,249.36 in commissions and QRP bonuses which were to be released to Gateway pursuant to the agreement. Of that amount, Shelnut has released only $7,000.00.

15. In addition, through Gateway's efforts the sum of $1,585,199.00 from 1,647 applications was submitted to Zurich Life during the years 2002 and 2003, which would have resulted in substantial commissions and bonuses to Gateway but for Shelnut's refusal to release premiums paid to him by Zurich.

## Claims

### First Count

16. Shelnut represented to Gateway, both verbally on January 2, 2002 and in the January 13, 2003 writing, that the Commissions paid by Zurich Life Insurance Company to Shelnut would be released immediately to Gateway.

17. Shelnut made such representations to induce Gateway to expend its marketing resources in furtherance of the Agreement.

18. Gateway reasonably relied upon Shelnut's representations in performing under the

agreement, expending its valuable resources in furtherance of the Agreement.

19. Upon information and belief the representations made by Shelnut were false at the time they were made in that Shelnut never intended to release the premiums from the Zurich Life Insurance contract to Gateway.

20. As a result of Shelnut's false and misleading statements, Gateway has been damaged.

Second Count

21. Shelnut breached the Agreement by failing to pay to Gateway the premiums paid to him by Zurich Life Insurance Company, and as a result Gateway has been damaged.

Third Count

22. At all times mentioned herein Shelnut, his agents, servants, and employees were prohibited by Connecticut General Statutes § 42-110 (a) et seq. from engaging in unfair or deceptive acts or practices in the conduct of its business.

23. The wrongful actions of Shelnut in defrauding Gateway and its failure to heed its agreement as aforesaid constitute unfair and deceptive acts and practices in violation of Connecticut General Statutes § 42-110 (a) et seq., the Connecticut Unfair Trade and Practices Act, all to the loss and detriment of Gateway.

24. Shelnut's actions as aforesaid are immoral, unethical, oppressive and unscrupulous in violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statute § 42-110 (a) et seq., all to the loss and detriment of Gateway.

4

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
2252 MAIN STREET – GLASTONBURY, CONNECTICUT 06033 – (860) 659-0700 – JURIS NO. 413634

## Jury Claim

25.     The Plaintiff herein requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff hereby seeks the following relief from this court:

<u>As to the First Count</u>:

a. Monetary damages;

b. Punitive damages for fraud;

c. Costs;

d. Reasonable attorney's fees.

<u>As to the Second Count</u>:

a. Monetary damages;

b. Costs.

<u>As to the Third Count</u>:

a. Monetary damages;

b. Punitive damages for violation of Connecticut General Statutes §42-110a *et seq.*;

c. Attorneys' fees for violation of Connecticut General Statutes §42-110a *et seq.*;

And such other and further relief as the Court deems proper.

PLAINTIFF,
GATEWAY FINANCIAL GROUP, INC.,

By:_____
Gregory F. Arcaro, Esq.
BROWN, PAINDIRIS & SCOTT, LLP
2252 Main Street
Glastonbury, CT 06033
(860) 659-0700
Fed. Bar No. ct#19781
Its Attorney
